UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | No. 15-20719 |
| Plaintiff, | Hon. Marianne O. Battani |
| v. | |
| | Offenses: |
| D-1 Gregory Kirk  Jackson, | Count 1 : 18 U. S. C. § 1546(a) - |
| aka Gregg Kirk Chase, | Use of Immigration Document Procured |
| | by Fraud |
| Defendant. | Count 8: 18 U.S.C. § 1015(f) – |
| | False Claim of Citizenship |

**Maximum Penalty:**
Ten Years (Count 1)
Five Years (Count 8)
**Maximum Fine:**
Not to exceed $250,000 (Count 1 & 8)
**Mandatory Supervised Release:**
Up to Three years

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Gregory Kirk Jackson, a/k/a Gregg Kirk Chase, and the government agree as follows:

1.    **Guilty Plea**

A.    **Counts of Conviction**

Defendant will enter a plea of guilty to Counts One and Eight of the Indictment, which charges him with use of immigration document procured by fraud, in violation of 18 U. S. C. § 1546(a) and false claim of United States citizenship, in violation of 18 U.S.C. § 1015(f).

B.    **Elements of Offenses**

The elements of Count One are as follows:

1) The defendant knowingly used an alien registration receipt card (Form I-551[Permanent Resident "Green Card"]);

2) The alien registration receipt card was procured by means of a false statement; and

3) The defendant knew the alien registration receipt card was procured by means of a false statement.

The elements of Count Eight are as follows:

1) The defendant is an alien;

2) The defendant knowing falsely represented himself to be a citizen of the United States of America; and

3) The defendant made such false representation to vote in a Federal election.

- 2 -

C.     **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty pleas:

Gregory Kirk Jackson, also known as Gregg Kirk Chase, has been and has remained a citizen and national of Canada, and has never become a citizen of the United States of America.

On March 11, 1976, while living in the United States, Jackson was convicted of an aggravated felony, in Oakland County, Michigan.  He was sentenced to prison. Jackson was thereafter removed from the United States to Canada.  Due to his aggravated felony conviction, Jackson was permanently barred from returning to the United States of America.   Jackson, using the name of Gregg Kirk Chase or Gregg K. Chase, illegally returned to the United States.  On October 4, 1999, Jackson, using the name Gregg Kirk Chase or Gregg K. Chase, falsely claimed to be a citizen of the United States of America, registered to vote and obtained a Michigan Driver's license.

On August 5, 2003, Jackson, using the name Gregg K. Chase, married a citizen of the United States of America. Thereafter, his wife filed form I-130 (Petition for Alien Relative) with the United States seeking to allow her husband (using the name Gregg K. Chase) to enter the United States.  The petition contained false statements and omissions.

On November 17, 2004, relying upon the omissions and false statements contained in the petition, the United States approved the request.  Thereafter, on April 29, 2005, Jackson, using the name Gregg K. Chase, filed a form DS-230 (Application for Immigrant Visa and Alien Registration). This application likewise contained false statements and omissions in that failed to disclose: 1) he had previously been known by the name of Gregory Jackson, 2) he had convicted of a crime involving moral turpitude; 3) he had sought an immigration benefit by fraud or misrepresentation; 4) he had been convicted of an aggravated felony 5) he was illegally living in the United States; 6) he was illegally working in the United States, 7) he falsely claimed to be a United States citizen, and 8) he had been arrested, charged or convicted of any offense.

On June 22, 2006, relying upon the omissions and false statements contained in the application, the United States improvidently granted an immigrant visa to Jackson, under the name Gregg K. Chase.  On June 29, 2006, Jackson was admitted to the United States of America.

From June 29, 2006, to present, Jackson has left and re-entered the United States of America on several occasions using his permanent resident identification card ("Green" Card [Form I-551]) issued to him in the name of Gregg K. Chase.  In particular on October 25, 2014 and December 6, 2014, Jackson used his permanent resident identification card (a Form I-551 - "Green" Card) in the name Gregg K.

Chase when he crossed the United States Border between Windsor, Ontario, Canada and Detroit, Michigan. At the time he used this card Jackson knew he had procured the card by means of a false claim and statement, in that, on September 27, 2005, Jackson stated on his application for an Immigrant Visa and Alien Registration that he had never been charged, arrested or convicted of any offense or crime when he then knew that he had previously been arrested, charged and convicted of various crimes within the United States under the name of Gregory Kirk Jackson, including Armed Robbery (76-26461) and Carrying a Concealed Weapon (74-20848).

On November 6, 2012, during the Presidential Election, and on November 4, 2014, during the Mid-Term Election, Jackson, using the name Gregg K. Chase, falsely represented himself to be a citizen of the United States of America, when he certified that he was a qualified elector to vote in the federal elections. After certifying he was a qualified elector, Jackson, using the name Gregg K. Chase, obtained election ballots and voted during these two federal elections.

2. **Sentencing Guidelines**

A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B. **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 6 - 12 months, as set forth on the attached worksheets. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 6-12 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

C.     **Relevant Conduct**

The relevant conduct in this case includes the following:

3.     **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.     **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the midpoint of the sentencing guideline range as determined by Paragraph 2B.

B.     **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case is Three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C.     **Special Assessment**

Defendant will pay a special assessment of $200 and must provide the government with a receipt for the payment before sentence is imposed.

D.     **Fine**

There is no agreement as to fines.

## E. Restitution

Restitution is not applicable to this case.

## 4. Padilla Waiver

Defendant acknowledges that he is not a citizen of the United States, and that his guilty plea in this case may affect or even foreclose his eligibility to remain in this country following the imposition of sentence herein. Defendant has discussed these matters with his attorney in this case, but he expressly agrees that his decision to plead guilty is in no way conditioned upon or affected by the advice he has been given regarding any potential immigration consequences of his conviction. Defendant further agrees that because his decision to plead guilty in this case is wholly independent of the immigration consequences of a conviction, defendant agrees that he will not seek to challenge his guilty plea in any later proceeding via collateral attack on any basis relating to the immigration consequences of his plea.

- 9 -

### 5. Stipulated Order of Removal

After consultation with counsel and understanding the legal consequences of doing so, the defendant knowingly and voluntarily waives the right to the notice and hearing provided for in Title 8, United States Code, Section 1228(c)(2) and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated removal order. The defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act ("INA"), on the question of the defendant's removability from the United States. The defendant further understands the rights the defendant would possess in a contested administrative proceeding and waives these rights, including the defendant's right to examine the evidence against him, to present evidence on his behalf, and to cross examine the witnesses presented by the government.

The defendant agrees to waive his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations.  These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, Section 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R.§ 208; cancellation of removal; adjustment of status; registry; de novo review  of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.  As part of this agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in, Canada on account of his race, religion, nationality, membership in a particular social group, or political opinion.  Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no present fear of torture in Canada.

The defendant hereby requests that an order be issued by this Court for his removal to Canada. The defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

The defendant hereby agrees to make the judicial order of removal a public document, waiving his privacy rights, including his privacy rights under 8 C.F.R. § 208.6. At the request of the U.S. Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal. As a result of the above referenced order, upon the completion of the defendant's criminal proceedings, including any sentence of incarceration, the defendant shall be removed to Canada.

## 6. Other Charges

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.

## 7. Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from

this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

8. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 12 months, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 6 months, the government waives any right it may have to appeal the defendant's sentence.

9. **Consequences of Withdrawal of Guilty Plea(s) or Vacation of Convictions**

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 02/05/2016. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Barbara L. McQuade
United States Attorney

_____
Gary Felder
Assistant United States Attorney
Deputy Chief, NSU

_____
Ronald W. Waterstreet
Assistant United States Attorney

Date:

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
Rafael Villarruel
Attorney for Defendant

_____
Gregory Kirk Jackson
Defendant

02/03/16
Date

02/03/16
Date

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.   **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2L2.2(a) | Use of Immigration Document Procured by Fraud | 8 |
| (b) | Prior removal | 2 |
| | | |
| | | |
| | | |

2.   **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

A-1

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

$$\boxed{10}$$

**********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

A-2

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

## WORKSHEET B (Multiple Counts)

### Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S)   1
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S)   8/10
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S)
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S)
   ADJUSTED OFFENSE LEVEL

| | |
|---|---|
| 10 | 1 unit |
| 6 | 1 unit |
| | unit |
| | unit |

5. **TOTAL UNITS**

| 2 units |
|---|

B-1

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

**6.   INCREASE IN OFFENSE LEVEL**

| 1 unit ⟶ no increase | 2 1/2 – 3 units ⟶ add 3 levels |
|---|---|
| 1 1/2 units ⟶ add 1 level | 3 1/2 – 5 units ⟶ add 4 levels |
| 2 units ⟶ add 2 levels | > 5 levels ⟶ add 5 levels |

$$\boxed{2}$$

**7.   ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

$$\boxed{10}$$

**8.   COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

$$\boxed{12}$$

B-2

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):_____

## 1.   PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                                                **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                                **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                                **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 03/11/1976 | A | Armed Robbery | 7 1/2- 15 yrs | 11/1979 | 0 |
| 3/11/1976 | A | CCW | 3 - 5 yrs | 11/1979 | 0 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*     If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*     A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

**2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

[ - ]

**3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

[ - ]

**4. TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

[ 0 ]

**5. CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

[ I ]

C-3

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

# WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

> 12

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

> -2

3. **TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 10

4. **CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> I

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

> 6-12

> months

D-1

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

7.  **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
    If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

D-2

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**

   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

   ☐ 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   ☐ 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   ☒ 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. Length of Term of Probation (U.S.S.G. § 5B1.2)

   ☒ 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

   ☐ 2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   ☐ a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   ☒ b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
| --- | --- | --- | --- |
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

## 4.  SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a.  <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.  <u>Length of Term of Supervised Release</u>  (U.S.S.G. § 5D1.2)

☐  1.  At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒  2.  At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐  3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐  4.  The statute of conviction requires a minimum term of supervised release of _____ years.

c.  Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5.  RESTITUTION (U.S.S.G. § 5E1.1)

☐  1.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

☐  2.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $_____.

E-2

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
| --- | --- | --- | --- |
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☒ 5. Restitution is not applicable.

## 6. FINE  (U.S.S.G. § 5E1.2)

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))</u>

| <u>Minimum Fine</u> | <u>Maximum Fine</u> |
| --- | --- |
| $4,000 | $40,000 |

| Defendant: | Gregory K Jackson (Chase) | Count: | 1 |
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1546(a) |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:
- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $200_____ .

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

☐ Assets of the defendant will be forfeited.     ☐ Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

_____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

(Rev. April 2014)

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.    **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2H2.1 | False Claim of Citizenship to Vote | 6 |
| | | |
| | | |
| | | |
| | | |

2.    **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

6

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

A-2

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

# WORKSHEET B (Multiple Counts)

## Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNT(S)** _____
   ADJUSTED OFFENSE LEVEL _____

2. **GROUP TWO: COUNT(S)** _____
   ADJUSTED OFFENSE LEVEL _____

3. **GROUP THREE: COUNT(S)** _____
   ADJUSTED OFFENSE LEVEL _____

4. **GROUP FOUR: COUNT(S)** _____
   ADJUSTED OFFENSE LEVEL _____

   unit

   unit

   unit

   unit

   unit

5. **TOTAL UNITS**

   units

B-1

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

**6.   INCREASE IN OFFENSE LEVEL**

    1 unit $\longrightarrow$  no increase    2 1/2 – 3 units $\longrightarrow$ add 3 levels

    1 1/2 units $\longrightarrow$ add 1 level    3 1/2 – 5 units $\longrightarrow$  add 4 levels

    2 units $\longrightarrow$ add 2 levels       > 5 levels $\longrightarrow$ add 5 levels

**7.   ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

**8.   COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

B-2

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):_____

## 1.   PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                                                    **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                                    **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                                    **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

C-1

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*      If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*      A release date is required in only two situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

**3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.   But enter no points where the sentences are considered related because the offenses occurred on the same occasion.   (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)   Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.

**4.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

**5.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

C-3

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

# WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.
   b. Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal  provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   months

D-1

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

D-2

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**

   a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

   ☐    1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   ☐    2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   ☐    3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

   ☐    1. At least 1 year but not more than 5 years (total offense level ≥ 6)

   ☐    2. No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   ☐    a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   ☐    b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

   a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

     ☐ 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment $\geq 25$ years.

     ☐ 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment $\geq 5$ years but $< 25$ years.

     ☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment $> 6$ months but $< 5$ years.

     ☐ 4. The statute of conviction requires a minimum term of supervised release of _____ years.

   c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

   ☐ 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

   ☐ 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
|---|---|---|---|
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐ 5. Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $_____ | $_____ |

E-3

| Defendant: | Gregory K Jackson (Chase) | Count: | 8 |
| Docket No.: | 15-20719 | Statute(s): | 18 USC 1015(f) |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
The court must impose a special assessment on every count of conviction.   The special assessments for individual defendants are:
  - $100.00 for every count charging a felony ($400 for a corporation),
  - $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
  - $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
  - $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of
$_____.

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

☐ Assets of the defendant will be forfeited.

☐ Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

_____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

(Rev April 2014)